IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kimberly McMullen, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-1401-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Peachtree Centre, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Kimberly McMullen, proceeding *pro se* and *in forma pauperis*, brought this employment action asserting that Defendant Peachtree Centre violated Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF Nos. 1; 2; 9; 12). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 24, 2021, the magistrate judge issued an order informing Plaintiff that her complaint was subject to summary dismissal for failure to state a claim for which relief may be granted. (ECF No. 13). The magistrate judge granted Plaintiff fourteen (14) days in which to file an amended complaint curing the deficiencies identified in the order and warned Plaintiff that failure to do so may result in the dismissal of her claims with prejudice and without leave to further amend. *Id*. at 3–4. On July 6, 2021, Plaintiff filed an amended complaint, (ECF No. 16); however, on July 8, 2021, the magistrate judge issued an order noting that Plaintiff's amended complaint was identical to the initial complaint with the exception of the addition of the word "amended" in the caption, (ECF No. 18). Therefore, out of an abundance of caution, the magistrate judge granted Plaintiff until July 19, 2021 to file a second amended complaint addressing the deficiencies set forth in the June 24th order. *Id*. The magistrate judge also

repeated his warning to Plaintiff that her failure to file a second amended complaint correcting the issues identified in the order may result in the dismissal of the complaint with prejudice and without leave for further amendment. *Id*. On July 19, 2021, Plaintiff moved for an extension of time in which to file her second amended complaint, (ECF No. 21), and the magistrate judge granted her motion, extending the deadline to August 2, 2021, (ECF No. 22). Nevertheless, despite the additional time granted, to date Plaintiff has failed to file a second amended complaint.

Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. (ECF No. 25). Plaintiff was advised of her right to file objections to the Report. *Id*. at 5. Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp.

3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Furthermore, it is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding

*pro se*, she is personally responsible for her failure to comply with the magistrate judge's orders. Further, Plaintiff was repeatedly warned that her case may be subject to dismissal if she failed to file an amended complaint curing the deficiencies set out in the June 24th order. *See* (ECF Nos. 13; 18). Therefore, the court concludes that Plaintiff's lack of response to the magistrate judge's July 8th order indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply may subject her case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the record under the appropriate standards, the court finds no clear error in the magistrate judge's Report (ECF No. 25) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, Plaintiff's Amended Complaint is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

September 1, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.